UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHERYL JENKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | )   07-2193 |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

ORDER

      On February 26, 2009, Magistrate Judge David G. Bernthal issued a report and recommendation that the plaintiff's motion for summary judgment or remand be granted [24]. Also on that date, Judge Bernthal issued a report and recommendation that the defendant's motion for an order which affirms the Commissioner's decision be denied [25].

      Judge Bernthal recommended a remand because the record did not contain evidence on the plaintiff's functional limitations from which the ALJ could determine the plaintiff's residual functional capacity (RFC). Judge Bernthal recommended that, on remand, the ALJ be directed to have the plaintiff's physician examine the plaintiff to assess her physical functional limitations. The defendant argues that there is no requirement that the record contain evidence of a claimant's functional limitations. Alternatively, the defendant argues that the record does contain evidence of the plaintiff's physical limitations.

      The ALJ in his decision discussed in detail the plaintiff's statements concerning her subjective symptoms, and found them to be not credible. The ALJ noted that Dr. Patel examined the plaintiff in 2001, and Dr. Yalamanchili examined the plaintiff in 2002. Both noted some edema or swelling, but neither reported swelling or pain to the extent claimed by the plaintiff. Dr. Gotanco completed an RFC assessment based on Dr. Patel's examination. Dr. Graham completed an RFC assessment based on Dr. Yalamanchili's examination. However, the ALJ stated, "The undersigned must also consider any medical opinions, which are statements from acceptable medical sources, which reflect judgments about the nature and severity of the impairments and resulting limitations. . . . There is no such opinion from any treating source, and *since additional evidence has been added to the record since the State Agency physicians opined, their opinions no longer have probative value*." (Emphasis added.) This leaves the court to wonder how the ALJ determined the plaintiff's residual functional capacity. As Judge Bernthal wrote, "[T]he ALJ cannot reject the doctors' reports and then rely on the RFC Assessments that were based on the rejected reports." Report and Recommendation, d/e 24, p. 8.

1

An ALJ must explain and support how he determined a claimant's limitations in formulating an RFC.  *Briscoe v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005).  The ALJ did not do so in this case.

Accordingly, the court agrees with Judge Bernthal that the case should be remanded.  On remand, the ALJ is directed to have the plaintiff's physician examine her to assess her physical functional limitations.

## CONCLUSION

The recommendations of Judge Bernthal [24, 25] are accepted by the court.  The plaintiff's motion for summary judgment or remand [15] is granted.  The defendant's motion for an order which affirms the Commissioner's decision [18] is denied.  This case is remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four, for further proceedings consistent with the recommendation of the Magistrate Judge.  Remand pursuant to 42 U.S.C. § 405(g), sentence four, terminates the case.  *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993).

Entered this 26th day of March, 2009.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE