UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **CHERYL JENKINS,** ) | |
|       **Plaintiff,** ) | |
| **v.** ) | |
| ) | Case No. 07-2193 |
| **COMMISSIONER OF SOCIAL SECURITY,** ) | |
| **sued as Michael J. Astrue,** ) | |
| ) | |
|       **Defendant.** ) | |

# REPORT AND RECOMMENDATION

   In March 2009, the Court entered an Order (#28) which granted Plaintiff's Motion for Summary Judgment or Remand (#15) and remanded the matter to the Commissioner pursuant to 42 U.S.C. § 405(g), Sentence Four, for further proceedings.  Thereafter, Plaintiff filed Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act (#30).  Defendant filed Commissioner's Response to Plaintiff's Application for Attorney Fees Under the EAJA (#31) and with leave of Court, Plaintiff filed Plaintiff's Response to Defendant's Memorandum in Opposition to Plaintiff's EAJA Motion (#33).  The undersigned has reviewed the written submissions of the parties, as well as the Report and Recommendation (#24) previously filed and the Order (#28) adopting that Report and Recommendation.  Plaintiff requests an award of fees under the statute in the sum of $4,387.25.  Defendant challenges the award of fees in any amount, claiming that its position was "substantially justified."  If the Defendant is correct in its characterization of its position, then fees should not be awarded, even where Plaintiff is the prevailing party and the amount of the fees claimed is reasonable.  *Pierce v. Underwood*, 287 U.S. 552 (1988).

   The burden of persuading the Court that the Defendant's position was "substantially justified" is on the Defendant.  *Marcus v. Shalala,* 17 F.3d 1033, 1036 (7th Cir. 1994).  In an effort to meet this burden, the Government offers a two paragraph explanation.  The essence of the argument is that the Court was wrong.  The Defendant suggests that the Court "side stepped the Commissioner's argument that the Court was requiring more than the regulations."  This is an argument better made to the Court of Appeals.  The Court found that the Administrative Law

Judge made a fundamental error in attempting to formulate a residual functional capacity for the Plaintiff.  No explanation or justification for the significant failure was offered by the Defendant.  Rather, the Defendant argues that it was the Court, rather than the ALJ, that erred.  The burden has not been met and the position of the Defendant was not substantially justified.

Accordingly, Plaintiff is entitled to fees under the statute.  I recommend, pursuant to my authority conferred to me under 28 U.S.C. § 636(b)(1)(B), that Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act **(#30)** be **GRANTED** and fees be awarded in the sum of $4,387.25.

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within ten working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

ENTER this 27th day of August, 2009.

    s/ DAVID G. BERNTHAL
    U.S. MAGISTRATE JUDGE